UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES B. DAWSON                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:14cv627-DPJ-FKB

PATRICK R. DONAHOE,                                                        DEFENDANT
POSTMASTER GENERAL
U.S. POSTAL SERVICE

ORDER

This employment-discrimination case is before the Court on Defendant's Motion for Partial Summary Judgment [15]. For the reasons that follow, the motion is granted.

I.      Facts and Procedural History

Plaintiff James B. Dawson, an employee of the United States Postal Service, believes he was discriminated against in his employment. He previously filed an action on June 26, 2013, asserting several instances of discrimination; that lawsuit was voluntarily dismissed on December 19, 2014. *See Dawson v. U.S. Postal Serv.*, No. 3:13cv404-DPJ-FKB. Dawson filed a second lawsuit against the Postal Service asserting an additional claim on July 31, 2013; that case was dismissed for failure to prosecute on May 22, 2014. *See Dawson v. U.S. Postal Serv.*, No. 3:13cv473-HSO-RHW.

Dawson filed this lawsuit on August 11, 2014. In his initial complaint in this case, Dawson alleged that he was discriminated against when he was not made an Electronic Technician ("ET") after a one-year probationary period. Compl. [1] at 2. Dawson filed an amended complaint on December 19, 2014, adding claims related to the following alleged incidents: (1) his October 20, 2012 removal from his Preferred Duty Assignment ("PDA"); (2) a February 20, 2013 incident where he was belittled by his manager, Grant Moore; (3) his

employer not permitting him to drive to an April 11, 2011 training session in Oklahoma; (4) the Postal Service's failure to pay him overtime; (5) his employer erroneously charging him with unauthorized absence; and (6) the Postal Service's September 16, 2010 failure to pay for travel mileage. Am. Compl. [12] at 3–6. Some of these new allegations were contained in Dawson's previous lawsuits.

Defendant Patrick R. Donahoe, Postmaster General of the United States Postal Service, has now moved for partial summary judgment. Donahoe asserts that, with the exception of the claim related to the ET position, all of Dawson's claims are either untimely or unexhausted. Dawson filed a response indicating that he was not aware that his claims were untimely [17], and Donahoe filed a reply [22]. Dawson thereafter filed a document entitled Evidence Showing Documents Were Filed in a Timely Manner and Request Not to Issue a Partial Dismissal Judgement [23]. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II. Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it

believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III. Analysis

Title VII "permits most federal employees to seek relief from proscribed discriminatory employment practices in Federal District Court. As a precondition to seeking this judicial relief, however, complaining employees must exhaust their administrative remedies by filing a charge of discrimination with the EEO division of their agency." *Pacheco v. Mineta*, 448 F.3d 783, 787–88 (5th Cir. 2006). Once the appropriate EEO division issues a right-to-sue letter, the federal employee has "ninety days from *receipt* of the . . . letter to file suit." *Morgan v. Potter*, 489 F.3d 195, 196 (5th Cir. 2007). Donahoe asserts that Dawson failed to exhaust as to one of his claims and that another five of the claims are time-barred.[1]

A. Exhaustion as to the February 20, 2013 Moore Incident

Donahoe asserts that "there is no indication that Dawson has exhausted the Moore allegation he now raises." Def.'s Mem. [16] at 5. Dawson offers no proof to the contrary in response and therefore fails to meet his burden under Rule 56. Donahoe is entitled to summary

---

[1]Donahoe characterizes Dawson's amended complaint as also alleging a claim related to the Postal Service's refusal to send him to a May 2011 training session. Def.'s Mem. [16] at 2. The Court's review of the amended complaint reveals no such claim.

3

judgment as to the February 20, 2014 Moore incident.

B.      Timeliness as to Exhausted Allegations

Dawson filed three complaints with the appropriate EEO division. His first complaint was filed on February 4, 2011, and concerned the September 16, 2010 failure to pay for travel mileage. EEOC Decision [15-3]. The right-to-sue letter for that complaint was sent to Dawson on May 1, 2013. *Id.* Dawson next filed a July 10, 2011 complaint containing the claim related to the April 11, 2011 training session, the overtime claim, and the unauthorized-leave claim. Final Agency Decision [15-1]. The notice of right to sue was delivered to Dawson's residence on March 25, 2013. USPS Tracking Data [15-2]. Finally, Dawson filed a March 16, 2013 complaint alleging the ET and PDA claims. Final Agency Decision [15-4]. The right-to-sue letter was delivered to Dawson's residence on May 6, 2014. USPS Tracking Data [15-5]. The Court will address the timeliness of the claims exhausted in each of those agency complaints in turn.

1.      February 4, 2011 Complaint

The notice of right to sue on the travel-mileage claim was mailed to Dawson on May 1, 2013, and provided that the EEOC would "presume that this decision was received within five (5) calendar days after it was mailed." EEOC Decision [15-3] at 8. No record evidence establishes when Dawson actually received the notice, but the Fifth Circuit has held that a five-day presumption is reasonable and will be upheld as establishing the date of receipt by the plaintiff. *Morgan*, 489 F.3d at 196–97. Thus, Dawson is deemed to have received the notice by May 6, 2013, so he had until August 5, 2013, to file a lawsuit containing the travel-mileage

4

allegation.[2]

Dawson first asserted the travel-mileage claim in his complaint in *Dawson v. United States Postal Service*, No. 3:13cv473-HSO-RHW, which was timely filed on July 31, 2013. But that case was dismissed without prejudice for failure to prosecute, which placed the parties back "'in the same legal position as if no suit had been filed.'" *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quoting *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995)). The Fifth Circuit "'ha[s] recognized that such a dismissal will result in an action being time-barred if the applicable statute of limitations has run after the filing of the complaint.'" *Id.* That is precisely what occurred as to the February 4, 2011 complaint. After Dawson first asserted the exhausted claim in federal court—but before that case was dismissed without prejudice—the statute of limitations on that claim expired. The travel-mileage claim is therefore time-barred.

2. July 10, 2011 Complaint

The July 10, 2011 complaint, containing three of the allegations currently before the Court, resulted in an agency decision that was delivered to Dawson's home on March 25, 2013. In his late-filed Evidence [23], Dawson disputes that he actually received the notice on that date because he was out of town attending training from March 24, 2013, through at least April 12, 2013. Credit Card Statement [23-1]; Postal Training Roster [23-2]. Assuming that Dawson would be entitled to toll the statute of limitations until his actual receipt of the notice, and for purposes of this motion only, the Court will consider April 12, 2013, as the date Dawson received the notice. *Cf. Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1250 (5th Cir. 1985) ("We hold that the giving of notice to the claimant at the address designated by him suffices to

---

[2]Ninety days actually expired on August 4, 2013, which was a Sunday.

start the ninety-day period unless the claimant, through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled until he actually receives notice.").

Taking April 12, 2013, as the relevant date, Dawson had until July 11, 2013, to assert the claims exhausted in the July 10, 2011 complaint. And while he did timely file a lawsuit containing these claims on June 26, 2013, he voluntarily dismissed that case on December 19, 2014. *See Dawson v. U.S. Postal Serv.*, No. 3:13cv404-DPJ-FKB. "A federal statute of limitations is *not* tolled when the plaintiff files a claim that is later voluntarily dismissed." *Basco v. Am. Gen. Ins. Co.*, 43 F.3d 964, 965–66 (5th Cir. 1994). So by the time Dawson filed this action on August 11, 2014, the claims he later added by way of the amended complaint were already time-barred. The claim related to April 11, 2011 training session, the overtime claim, and the unauthorized-leave claim are therefore due to be dismissed.

3. March 16, 2013 Complaint

Finally, the March 16, 2013 complaint contained both the ET and PDA claims, and Donahoe has offered proof that the right-to-sue letter was delivered to Dawson's home on May 16, 2014. Dawson points to no evidence to the contrary; as such, he had until August 14, 2014, to bring the ET and PDA claims in federal court. Dawson timely asserted the ET claim in his initial August 11, 2014 complaint in this case, but he did not add the PDA claim until he filed the amended complaint on December 19, 2014—127 days after the 90-day statute of limitations expired. The PDA claim is time-barred.[3]

---

[3]Dawson does not argue—nor could he—that the PDA claim relates back to the date he filed his initial complaint in this case. Federal Rule of Civil Procedure 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when the

IV.     Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, the claim regarding the February 20, 2014 Moore incident is dismissed without prejudice as unexhausted, and the claim concerning the travel-mileage issue, the claim related to the April 11, 2011 training session, the overtime claim, the unauthorized-leave claim, and the PDA claim are dismissed with prejudice as untimely.

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading[.]" Under this rule, "[i]f a plaintiff attempts to interject entirely different conduct or different transactions or occurrences into a case, then relation back is not allowed." *FDIC v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994). The allegation regarding Dawson's October 20, 2012 removal from his Preferred Duty Assignment involves a discrete discriminatory act entirely separate from the failure to promote Dawson to Electronic Technician in November 2012. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112 (2002). Because the PDA claim "is based on factual allegations that were new and discrete from the facts [Dawson] originally pled," it does not relate back to the filing of the original complaint. *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 961–62 (10th Cir. 2012) (concluding that claim added by amendment did not relate back even though it was included in same EEOC charge as claim set forth in original complaint).