UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES B. DAWSON                                                                                    PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:14cv627-DPJ-FKB

MEGAN BRENNAN, Postmaster                                                          DEFENDANT
General, United States Postal Service

ORDER

This employment-discrimination case is before the Court on Defendant's Motion for Summary Judgment [46]. For the reasons that follow, the motion is granted.

I.  Facts and Procedural History

Pro se Plaintiff James B. Dawson, an African-American male, has been employed by the United States Postal Service ("USPS") since 1997. As a postal employee, Dawson is a member of the American Postal Workers Union-AFL CIO ("Union") and is subject to a Collective Bargaining Agreement ("CBA") between the Union and the USPS. *See* Dawson Dep. [46-1] at 39.[1] The CBA contains provisions governing the promotion of Union members.

Plaintiff contends that he should have been promoted to the position of Electronic Technician ("ET") on November 17, 2012. The undisputed record evidence shows that, at some point prior to November 17, 2012, "Dawson was promoted and temporarily assigned to a position of ET, pending qualification." Def.'s Mem. [47] at 3 (citing Moore Decl. [46-4] ¶ 2).

---

[1] Plaintiff quibbles with Defendant's reliance on his deposition testimony, claiming that he "ha[s] not received a full copy of the deposition to validate as [his] true deposition" and that "there are discrepancies in the partial deposition that was attached to the Defendant[']s motion for summary judgment." Pl.'s Resp. [48] at 4. He does not elaborate on the substance of the alleged discrepancies, and the Court did not identify any in its review of the excerpts. Regardless, Defendant is not required under Federal Rule of Civil Procedure 30(f)(3) to provide Plaintiff with a copy of his deposition transcript. *See Adams v. Dolgencorp, LLC*, No. 11-784-FJP, 2012 WL 1918625, at *2 (M.D. La. May 25, 2012).

Once Plaintiff completed a qualifying course, his promotion to ET became final on April 24, 2013, with a February 23, 2013 effective date.  But from the time of his temporary assignment, Plaintiff "was paid as an Electronic Technician and performed the duties of the Electronic Technician."  Moore Decl. [46-4] ¶ 2.

Plaintiff filed this lawsuit on August 11, 2014, and filed an Amended Complaint on December 19, 2014.  Following the Court's ruling on an early Motion for Partial Summary Judgment [15], and liberally construing Plaintiff's pleadings, Plaintiff's remaining claims are Title VII claims for race discrimination and retaliation against Megan Brennan, Postmaster General, United States Postal Service.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that pro se pleadings should be liberally construed).  Following the close of discovery, Defendant filed her Motion for Summary Judgment [46].  Plaintiff has responded [48] in opposition, and Defendant filed a reply [49].  The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it

believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments do not constitute an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993) (per curiam).

III.     Analysis

    A.     Race-Discrimination Claim

Plaintiff alleges that the USPS failed to promote him because of his race. His Title VII discrimination claim is governed by the familiar *McDonnell-Douglas* burden-shifting framework.

> To establish a *prima facie* case of racial discrimination in employment, an employee must demonstrate that (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). If the employee makes out a *prima facie* case, "the burden of production shifts to the employer, who must offer an alternative

non-discriminatory explanation for the adverse employment action." *Id.* Where the employer offers such an explanation, the burden shifts back to the employee "to demonstrate that the employer's explanation is merely a pretext for racial bias." *Id.*

Defendant asserts that Plaintiff fails to establish three of the four elements of a *prima facie* case of discrimination. Specifically, Defendant argues that Plaintiff was not qualified for the promotion as of November 17, 2012, he suffered no adverse employment action, and he has no evidence a similarly situated white employee was treated more favorably than him under nearly identical circumstances. Defendant may be correct as to the second element, but because the third and fourth are clearly lacking, this Order focuses on them.

      1.      Adverse Employment Action

To qualify as an adverse employment action for purposes of a Title VII discrimination claim, an action must involve an "ultimate employment decision[]." *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 503 (5th Cir. 2014). It is well-settled that a failure to promote constitutes an adverse employment action under Title VII. *E.g.*, *Pierce v. Tex. Dep't of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1149 (5th Cir. 1994). But a mere delay in promotion, unaccompanied by any adverse effects, is not an adverse employment action. *Dailey v. Whitehorn*, 539 F. App'x 409, 411 (5th Cir. 2013); *accord Mylett v. City of Corpus Christi*, 97 F. App'x 473, 475 (5th Cir. 2004) ("A delay in promotion is not an adverse employment action where any increase in pay, benefits, and seniority are awarded retroactively."). Here, the undisputed evidence shows that, from the moment Plaintiff was provisionally placed in the ET position pending completion of the qualifying course, he was paid as an ET and performed ET duties. He thus suffered no adverse

effects from the delay in the promotion being finalized, so the delay is not an adverse employment action for purposes of his discrimination claim.

        2.      Comparator Evidence

Plaintiff argues that he has proof that a similarly situated white employee, Jeff Creel, was treated more favorably than him under nearly identical circumstances.  Plaintiff asserts that Creel was promoted to ET after his probationary year without competing the qualifying course.  *See* Creel Letter [48-2].  In its Reply, Defendant elaborated on the circumstances of Creel's promotion:  it took place in May 2011 under a different supervisor than Plaintiff's supervisor.  *See* Stovall Decl. [49-1].[2]

"As to this final prong of the prima facie case, [the Fifth Circuit has] held that employees are generally not similarly situated if they have different supervisors . . . or were the subject of adverse employment actions too remote in time from that taken against the plaintiff." *Cardiel v. Apache Corp.*, 559 F. App'x 284, 288 (5th Cir. 2014).  Here, the timing becomes remote because the supervisor changed.  *See* Stovall Decl. [49-1].  Plaintiff plainly asserts that his supervisor, Grant Moore, made the promotion decision in his case.  *See* Pl.'s Resp. [48] at 5.  David Stovall promoted Creel.  Stovall Decl. [49-1].  Creel is not an appropriate comparator for purposes of the fourth element of Plaintiff's *prima facie* case.

In sum, Plaintiff has not come forward with record evidence establishing a *prima facie* case of race discrimination.  Defendant is entitled to summary judgment on the discrimination claim.

---

    [2]Defendant objects to Creel's unattested statement.  Def.'s Reply [49] at 3 n.1.  But even assuming the document could survive a proper Rule 56(c)(2) objection, the evidence is not material.

B.    Retaliation Claim

The *McDonnell-Douglas* burden-shifting framework also applies to Title VII retaliation claims. *See Jones v. Overnite Transp. Co.*, 212 F. App'x 268, 275 (5th Cir. 2006). To establish a *prima facie* case of retaliation under Title VII, Plaintiff "must demonstrate that: (1) []he engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013). Defendant asserts that Plaintiff's *prima facie* case fails for lack of an adverse employment action and proof of a causal link.[3] Because the lack of an adverse employment action is dispositive, the Court need not discuss the causal-link element.

In the Title VII retaliation context, an adverse employment action is an action that "a reasonable employee would have found [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). The material adversity of an action "depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Id.* at 71 (internal quotation marks omitted); *see also id.* at 69 ("[T]he significance of any given act of retaliation will often depend upon the particular circumstances. Context matters.").

---

[3] It is undisputed that Plaintiff engaged in protected activity by filing at least one prior EEO complaint related to his employment with the USPS. *See* Moore Decl. [46-4] ¶ 5.

In this case, Plaintiff has pointed to no circumstances of his delayed promotion that support a finding of a materially adverse employment action. As noted, from the time he was temporarily placed in the ET position, Plaintiff was paid as an ET and performed the duties of an ET; he was functionally an ET. Absent record evidence that the circumstances of the delayed promotion might dissuade a reasonable worker from making or supporting a charge of discrimination, Plaintiff has not established a materially adverse employment action. *See Wheat v. Fla. Parish Juvenile Justice Comm'n*, No. 14-30788, 2016 WL 67197, at *3 (5th Cir. Jan. 5, 2016). He therefore fails to state a *prima facie* case of retaliation, and Defendant is entitled to summary judgment on the retaliation claim.

IV.    Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendant's Motion for Summary Judgment [46] is granted. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 23rd day of February, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE